IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN W. BRANNAN,

                    Plaintiff,

                                        CIVIL ACTION
    vs.                                  No. 09-3173-SAC

MORRIS COUNTY BOARD OF COMMISSIONERS, et al.,

                    Defendants.

## ORDER

This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by an inmate confined in a Kansas correctional facility. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff is currently a prisoner incarcerated in state correctional facility in Kansas. He states he was arrested March 28, 2007, and charged in Morris County Case 07-CR-18 with the rape of his minor daughter, and aggravated criminal sodomy of his minor son. He further states these charges were dismissed on April 2 and

August 20, 2008, and that continuances granted by the court violated his right to a speedy trial.  He filed the instant action to seek compensatory and punitive damages for his alleged unlawful confinement in the Morris County jail for that seventeen month period.

The defendants named in the complaint include the Morris County Board of Commissioners, the Morris County Sheriff, the Council Grove Chief of Police, the Council Grove Police Commissioner, several Council Grove police officers, a Senior Special Agent for the Kansas Bureau of Investigation, and various employees of state social agencies and related medical and mental health providers.  Plaintiff also names at least seventeen individuals questioned during the investigation of the charges against plaintiff, including the two child victims and their relatives.  Plaintiff broadly alleges all state officials participated in illegally questioning the victims obtaining false statements, and eliciting false writings from family members.  He further claims his incarceration and the restraining order entered against him violated his constitutional right to be a

To proceed on a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  In his complaint, plaintiff explicitly asserts that no defendant operated under color of state law in the alleged violation of plaintiff's constitutional rights.  Thus on its face, the complaint is subject to being summarily dismissed because plaintiff's allegations state

no claim for relief under § 1983.

Clearly, the private individuals and victims interviewed by the police are not persons acting under color of state law for purposes of § 1983. And even if the complaint were to be construed as alleging the remaining defendants acted under color of state law, plaintiff's broad and conclusory allegations of improper questioning and investigation by police officers and prosecutors fall far short of providing a factual basis for plausibly finding any violation of plaintiff's constitutional rights.

Also, plaintiff alleges no wrongdoing pursuant to an official Morris County policy or custom for purposes of stating any claim against the Board of County Commissioners for Morris County. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)(municipal entities are liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983").

And significantly, because plaintiff is currently serving a sentence imposed March 4, 2008, in Morris County Case 07-CR-20, for aggravated indecent liberties of his minor son on March 24, 2007, it plainly appears there was a lawful basis for plaintiff's confinement from his arrest on March 28, 2007, through dismissal of two pending charges without prejudice in 07-CR-18 in April and August of 2008. Thus no alleged misconduct by defendants in investigating and prosecuting the later dismissed charges caused plaintiff to be unlawfully denied his liberty.

Plaintiff is advised that to the extent he may be seeking damages based on allegations that his current incarceration for service of the sentence imposed in Morris County Case 07-CR-20 is unlawful, such relief is barred absent a showing that conviction has been overturned or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). And to the extent plaintiff may be seeking release from his present confinement, such relief must be pursued in habeas corpus in a timely manner after first exhausting state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies); 28 U.S.C. § 2244(d)(setting forth the one year limitation period, and tolling provisions, applicable to habeas petitions filed by a person in custody pursuant to a state court judgment).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to continue as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 4th day of January 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge