IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN W. BRANNAN,

                Plaintiff,

                                    CIVIL ACTION
    vs.                                 No. 09-3173-SAC

MORRIS COUNTY BOARD OF COMMISSIONERS, et al.,

                Defendants.

**O R D E R**

Plaintiff, an inmate confined in a Kansas correctional facility, proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983.

Plaintiff is incarcerated, serving a sentence imposed in Morris County Case No. 07-CR-20 in which plaintiff was convicted of taking indecent liberties with a child under the age of sixteen.[1] Plaintiff states he was arrested March 28, 2007, and charged in Morris County Case 07-CR-19 with aggravated criminal sodomy of his minor son, and charged in Morris County Case 07-CR-18 with the rape of his minor daughter. He states the charges in these cases were dismissed April 2, 2007 and August 20, 2008, respectively, and claims continuances granted by the court in Case No. 07-CR-18 violated his right to a speedy trial. Plaintiff filed the instant action seeking compensatory and punitive damages for alleged constitutional violations in his arrest and confinement pursuant to

---

[1]The show cause order entered in this matter stated that plaintiff's son was the victim in this conviction offense. Plaintiff now clarifies that this is not an accurate statement.

these two cases.

The defendants named in the complaint include the Morris County Board of Commissioners, the Morris County Sheriff, the Council Grove Chief of Police, the Council Grove Police Commissioner, several Council Grove police officers, a Senior Special Agent for the Kansas Bureau of Investigation, and various employees of state social agencies and related medical and mental health providers. Plaintiff also names at least seventeen individuals questioned during the investigation of the charges against plaintiff, including the two child victims and their relatives. Plaintiff broadly alleges all state officials participated in illegally questioning the victims to obtain false statements, and elicited false writings from family members. He further claims his incarceration and the restraining order entered against him violated his fundamental right to parent his children.

The court reviewed the complaint and directed plaintiff to show cause why plaintiff's claims against the named defendants should not be summarily dismissed as stating no claim for relief for a number of reasons.

First, plaintiff's assertion that no defendant acted under color of state law necessarily defeated any relief under 42 U.S.C. § 1983 which provides relief only for the deprivation of a individual's rights under federal law "by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Also, private individuals and victims interviewed by the police are not persons acting under color of state law for purposes of § 1983, and plaintiff's broad and conclusory allegations of improper questioning

and investigation by police officers, state social agency personnel, and prosecutors provided no factual basis for plausibly finding any violation of plaintiff's constitutional rights.

Second, plaintiff alleged no misconduct pursuant to an official Morris County policy or custom for the purpose of satisfying the requirements in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) for proceeding against Morris County or the Morris County Board of Commissioners.

And third, the court noted plaintiff's arrest, confinement, conviction, and incarceration pursuant to Morris County Case No. 07-CR-20 appeared to defeat plaintiff's claim that he was unlawfully deprived of his liberty by his arrest and confinement on Cases 07-CR-18 and 07-CR-19.

In response, plaintiff details why he believes his arrest was based on false information provided by victims and witnesses, gathered by state social service employees, and presented in police officers reports. This does little to address the legal deficiencies identified by the court.

Moreover, notwithstanding the strong suggestion on the record that a warrant had issued for plaintiff's arrest on March 28, 2007, even if plaintiff could establish a constitutional claim of being arrested without probable cause or unlawfully denied his liberty in Cases No. 07-CR-18 and 07-CR-19, relief for any such alleged deprivation of his constitutional rights would be time barred where plaintiff filed the instant action more than two years after either his arrest, the dismissal of Case No. 07-CR-19, or plaintiff's

arraignment in Case No. 07-CR-18.[2]  See *Wallace v. Kato*, 549 U.S. 384 (2007)(false arrest claim begins to run when the claimant is detained pursuant to legal process; false imprisonment claim expires once plaintiff is arraigned and held pursuant to legal process).

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief against any of the defendants named in the complaint.

**IT IS SO ORDERED.**

DATED:  This 9th day of February 2011 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]A two-year statute of limitations applies to civil rights actions. *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630-31 (10th Cir.1993); *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994); K.S.A. 60-513(a)(4).  The court received and docketed plaintiff's initial complaint on August 5, 2009, more than two years after his alleged illegal arrest and detention.

Under the "prison mailbox rule," an inmate's complaint is to be deemed filed at the time he delivers it to the prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266 (1988). Plaintiff's complaint, however, does not reflect his compliance with the mandatory requirements of that rule.  See *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir.2005)("[A]n inmate must establish timely filing under the mailbox rule by either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.").  Even if compliance could be established, the verified complaint, signed on July 17, 2009, would still be filed more than two years after the accrual of any claim based on plaintiff's arrest and detention in the two dismissed cases.